```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| GEORGE G. BOCOBO, M.D.,<br><br>      Plaintiff,<br><br>  v.<br><br>RADIOLOGY CONSULTANTS OF SOUTH JERSEY, P.A; SOUTH JERSEY HEALTH SYSTEM, INC.; PAUL CHASE, D.O.; and ALLIANCE RADIOLOGY ASSOCIATES, L.L.C.,<br><br>      Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 02-1697 (JEI)<br><br>**OPINION** |

**APPEARANCES:**

OBERMAYER, REBMANN, MAXWELL & HIPPEL, LLP
By:  GREGORY D. SAPUTELLI, Esq.
     KIMBERLY SUTTON, Esq.
Suite 300
20 Brace Road
Cherry Hill, NJ 08034
     Counsel for Plaintiff

SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.
By:  ALAN C. MILSTEIN, Esq.
     MATTHEW PODOLNICK, Esq.
Fairway Corporate Center
4300 Haddonfield Road
Suite 311
Pensauken, NJ 08109
     Counsel for Defendants Radiology Consultants of South
     Jersey, P.A., Paul Chase, D.O., and Alliance Radiology
     Associates, Inc., L.L.C.

**IRENAS**, Senior District Judge:

**I.**

This contentious litigation arises from Dr. George. G. Bocobo's ("plaintiff" or "Dr. Bocobo") termination as an employee

and shareholder of a professional association of radiologists which had an exclusive contract to provide radiology services to a Cumberland County hospital. As a result of his termination by his employer, plaintiff also lost his staff privileges at the hospital which were derivative of his status as a radiologist employed by defendant, Radiology Consultants of South Jersey, P.A. ("South Jersey").[1]  Within weeks of his termination, Dr. Bocobo found new employment as a radiologist with the University of Pennsylvania Health System.

A more complete history of this litigation can be found in two prior opinions of this Court. *Bocobo v. Radiology Consultants of South Jersey, P.A., et al.,* 305 F. Supp. 2d 422 (D.N.J. 2004); *Bocobo v. Radiology Consultants of South Jersey, P.A. et al.,* No. 02-1697, 2005 WL 3158053 (D.N.J. Nov. 21, 2005).  The complaint as originally filed had multiple claims and parties most of which were dismissed by motion practice.[2]

---

[1] Defendant, Paul Chase, ("Chase") was a radiologist who was President of South Jersey and also head of Radiology at the hospital for which South Jersey provided exclusive services.

[2] At fn.18 of the 2005 opinion cited above, the Court described the complaint as "prolix, confusing and muddled . . . ." *Bocobo,* 2005 WL 3158053 at *6.  The excesses of this litigation may have arisen because the associate handling the case for plaintiff's law firm appears to have been the daughter of a doctor on the hospital staff with Dr. Bocobo and his ally in what was apparently some internecine squabbles on that staff.  At one point in the litigation plaintiff tendered an "expert" opinion from the associate's father, which was later withdrawn by the partner in charge of the litigation when its appropriateness on several bases was questioned by the Court.  Pursuant to L.

In brief, the Court found that plaintiff's relationship with South Jersey was governed by four documents; a Business Relationship Agreement, an Employment Agreement, a Deferred Compensation Agreement and a Shareholder Agreement. The Court ruled that South Jersey had the right to terminate his employment with South Jersey without cause by a majority vote of the physicians who were shareholders (and thus, derivatively, terminating his staff privileges at the hospital which were dependant on his continued employment by South Jersey, the exclusive provider of radiology services at the hospital). However, the Court also found that plaintiff's termination did not deprive him of his rights under the Deferred Compensation Agreement or the Shareholder Agreement.

The case went to trial before a jury which returned a verdict of approximately $300,000. Judgments for that amount were entered against South Jersey, Chase and Alliance Radiology Associates, L.L.C. ("Alliance"), which was found to be a successor to the business and assets of South Jersey.

---

Civ. R. 103.1, the Rules of Professional Conduct adopted by the Supreme Court of New Jersey apply to members of the bar of the District of New Jersey.  *See* N.J. RPC 1.7(a)(2) ("a lawyer shall not represent a client if the representation involves a concurrent conflict of interest.  A concurrent conflict of interest exists if: . . . (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.").

Plaintiff has filed three post-trial motions.[3] The first seeks an award of interest on the amount of the judgment from the date of filing the complaint through the date of the judgment. *See County of Essex v. First Union Nat'l Bank*, 186 N.J. 46, 61 (2006). Plaintiff also asks the Court to sanction the judgment defendants for advancing defenses during the trial that lacked any evidentiary support. In seeking this relief plaintiff relies on the Court's inherent power to sanction misconduct. *See Chambers v. Nasco, Inc.,* 501 U.S. 32, 43 (1991) (inherent power to sanction a litigant); *Roadway Express*, *Inc. v. Piper,* 447 U.S. 752, 766 (1980) (inherent power to sanction attorneys).[4] Finally, plaintiff seeks an award of counsel fees incurred in preparing for and trying the case, relying on N.J.S.A. 14A:12-7(10)[5] which is part of a New Jersey statute dealing with oppressed shareholders. The Court considers each application in turn.

---

[3] Only two motions were separately filed on the docket. But one of the two-- the Motion for Sanctions-- also seeks separate relief, namely an award of attorneys fees under New Jersey's oppressed shareholder statute. Thus, the Court construes the two motions as three separate motions.

[4] In the text of their brief, plaintiff also argues that a sanction would be warranted under Fed. R. Civ. P. 11(b) or New Jersey's Frivolous Law Suit Statute, N.J.S.A. 2A:15-59.1.

[5] This section provides, "If the court determines that any party to an action brought under this section has acted arbitrarily, vexatiously, or otherwise not in good faith, it may in its discretion award reasonable expenses, including counsel fees incurred in connection with the action, to the injured party or parties."

**II.**

The causes of action tried in this case arose under New Jersey law, so the issue arises as to where the Court must look for law governing the award of prejudgment interest. Where the state which provides the decisional law is not the forum state, it is likely that the law of the forum state controls the award of prejudgment interest. *Yohannon v. Keene Corp. et al.*, 924 F.2d 1255, 1263-64 (3d Cir. 1991). However, in this case, where the forum state, New Jersey, is the same as the source of the decisional law, New Jersey law will control the award of prejudgment interest. As explained in *Hatco Corporation v. W. R. Grace & Co.,* 849 F. Supp. 931, 980 (D.N.J. 1994):

> With respect to state law claims in federal court, the law of the forum state controls the award of prejudgment interest. *Zippertubing Co. v. Teleflex, Inc.,* 757 F.2d 1401, 1414 (3d Cir. 1985). This rule applies even where jurisdiction is based on a federal question. *Freeman v. Package Mach. Co.,* 865 F.2d 1331, 1344-45 (1st Cir. 1988).

N.J. Ct. R. 4:42-11(b) governs the award of prejudgment interest in tort cases, while its award with respect to contract or equitable claims is governed by equitable principles. *Litton Indus., Inc. v. IMO Indus., Inc. et al.,* 200 N.J. 372, 390 (2009); *County of Essex,* 186 N.J. at 61. Awarding prejudgment interest in a contract case, and the rate of interest, are in the sound discretion of the trial judge, *Litton Indus.,* 200 N.J. at 390, but

5

the primary consideration which should guide the court is that "'the defendant has had the use, and the plaintiff has not, of the amount in question, and the interest factor simply covers the value of the sum awarded for the prejudgment interest period during which the defendant had the benefit of the monies to which the plaintiff is found to have been earlier entitled.'" *Id.* (quoting *Rova Farm Resort, Inc. v. Investors Ins. Co.,* 65 N.J. 474, 506 (1974)).

As will be hereafter noted, much of the delay in this cases prior to trial can be laid at the feet of the plaintiff.[6] However, the simple fact remains that when plaintiff was somewhat unceremoniously ejected from the professional association of radiologists with whom he had practiced for many years, he was deprived of the calculable amounts he was due, which inured directly to the benefit of the judgment defendants.

There appears no valid reason not to use the interest rates provided by N.J. Ct. Rule 4:42-11(a)(iii) for tort cases. The judgment in favor of plaintiff will be forthwith amended to award prejudgment interest from the date on which the complaint was filed (April 12, 2002) until the date judgment was entered following completion of the trial (June 14, 2007). Interest after the original date of the judgment shall be governed by 28 U.S.C

---

[6] However, none of the delay in deciding the pending motions can be blamed on the plaintiff.

§ 1961, as the June 14, 2007 judgment reflects.

### III.

Plaintiff seeks to impose sanctions on the defendants for interposing factual and legal defenses which, they assert, had no bases in fact and no bases in the operative legal documents which governed Dr. Bocobo's rights to compensation after he was removed from South Jersey and not asked to join its successor, Alliance.

Plaintiff argues that sanctions would be justified pursuant to either (a) the Court's inherent power to punish attorneys for certain classes of improper conduct, see *Roadway Express*, 447 U.S. at 766[7]; (b) Fed. R. Civ. P. 11(b)(3); and (c) N.J.S.A. 2A:15-59.1(a)(1), which allows sanctions if the judge finds that ". . . a complaint, counterclaim, cross-claim or defense of the nonprevailing person was frivolous." Although not cited in plaintiff's brief, 28 U.S.C. § 1927 also permits a court to impose costs and attorney's fees on a lawyer who "so multiplies the proceedings in any case unreasonably and vexatiously."

At trial the defense argued that it was entitled to offsets against any amount owed to Dr. Bocobo for (a) excess vacation time; (b) excess payments made to Dr. Bocobo for conferences, educational programs, etc. (the so-called "yellow sheet"

---

[7] See also *Chambers*, 501 U.S. at 43.

7

defense[8]); and (c) for the administrative costs of collecting the receivables of South Jersey.  None of these offsets were allowed at the trial.  However, only the proposed offset for administrative costs of collection was disallowed as a matter of law.  The "yellow sheet" and excess vacation expenses were submitted to the jury which clearly disallowed those offsets.

Dr. Bocobo's rather straight forward contractual claim for compensation due to him when he was removed from South Jersey was blown up to assert a wide variety of claims which had to be disposed of in pretrial proceedings, such that the trial of his matter did not begin until more than five years after the complaint was filed.  The trial itself, when focused on the properly contested issues, took only seven days.  Defendant's defenses interposed at trial may have added a few days to the length of the trial, but that short delay pales when compared to the multiple delays caused by plaintiff's efforts to turn an ordinary commercial dispute into a litigation version of World War III.

The Court does not find that the defenses offered at trial, or the conduct of defense counsel in interposing those defenses,

---

[8] The "yellow sheet" terminology seems to derive from the practice of some professional corporations of paying for certain types of conventions, education programs, business development activities, etc., but keeping separate records of those expenses incurred on behalf of each professional and then adjusting compensation so that no one professional gets more of these expenditures than another.

justifies the imposition of sanctions under any theory suggested by plaintiff or under 28 U.S.C. § 1927.

**IV.**

Plaintiff seeks an award of counsel fees pursuant to paragraph 10 of N.J.S.A. 14A:12-7, a statute which was designed to provide remedies when those in control of a corporation act illegally, fraudulently, abusively, oppressively or unfairly towards a minority shareholder.  *See* N.J.S.A. 14A:12-7(1)(c). These remedies are extra-contractual and may include dissolution of the corporation, the appointment of a custodian or provisional director to participate in running the corporation, or the forced sale of the corporations stock under conditions which "would be fair and equitable to all parties under all of the circumstances of the case."  N.J.S.A. 14A:12-7(8); 14A:12-7(1).

Although the complaint made general reference to the corporate statutes of New Jersey, it did not specifically seek any of the unique remedies contemplated by N.J.S.A. 14A:12-7.  The case did not proceed on any such theory and such a theory was not submitted to the jury for consideration.

Indeed, the jury was specifically instructed that Dr. Bocobo's termination as an employee of South Jersey was not unlawful and the Court further instructed the jury that Dr. Bocobo's performance as an employee of South Jersey was

9

satisfactory.  Rather, the jury was focused on his rights under the Shareholder Agreement and the Deferred Compensation Agreement.

Since neither of these agreements provide for payment of an adversary's legal fees, and since the Court did not find any cause of action under the oppressed minority shareholder statue, there is no justification for the award of counsel fees in this case. There is no basis for finding an exception to the general New Jersey rule (the so-called "American rule") that parties to a dispute each pay their own legal fees.  *See, e.g.*, N.J. Ct. R. 4:42-9; *Mason v. City of Hoboken, et al.,* 196 N.J. 51, 70 (2008).

## V.

The Court will issue an appropriate Order and Amended Judgment on even date herewith.

Dated: August 11, 2011               s/ Joseph E. Irenas
                                     JOSEPH E. IRENAS, S.U.S.D.J.